**NOT FOR PUBLICATION**

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re: | Case No.: 04-15223 |
| CHET DECKER, INC. d/b/a THE NEW DECKER DODGE, | Adv. No.: 06-01189 |
| Debtor. | Judge: Donald H. Steckroth, U.S.B.J. |
| STEVEN Z. JURISTA, CHAPTER 7 TRUSTEE FOR CHET DECKER, INC., Plaintiff, v. RONALD SUMNER and FAIRWAY DODGE, LLC, Defendants. | **FILED** JAMES J. WALDRON, CLERK **MARCH 20, 2007** U.S. BANKRUPTCY COURT NEWARK, N.J. BY: s/ Ronnie Plasner, DEPUTY |

### OPINION

Wasserman, Jurista & Stolz, PC
Michael McLaughlin, Esq.
Daniel M. Stolz, Esq.
225 Millburn Avenue, Suite 207
Millburn, New Jersey 07041
*Counsel for Steven Z. Jurista,*
*Chapter 7 Trustee for Chet Decker, Inc.*
*d/b/a The New Decker Dodge*

Finestein & Malloy, LLC
Michael D. Malloy, Esq.
Alison R. Lam, Esq.
26 Main Street
Chatham, New Jersey 07928
*Counsel for Fairway Dodge, LLC*

**THE HONORABLE DONALD H. STECKROTH, BANKRUPTCY JUDGE**

Before the Court are competing motions for summary judgment. First, Fairway Dodge, LLC (hereinafter "Fairway"), as a defendant in this adversary proceeding, filed a motion for summary judgment. Fairway also filed a motion to deem its responses to the Trustee's request for admissions timely pursuant to Federal Rule of Bankruptcy Procedure 7036. Thereafter, Steven Z. Jurista, as Chapter 7 Trustee for Chet Decker, Inc. d/b/a The New Decker Dodge (hereinafter "Trustee" and "Debtor" respectively), filed his opposition and cross-motion for partial summary judgment. Fairway then filed a reply brief in further support of its own motion and in opposition to the Trustee's cross-motion for partial summary judgment. Both summary judgment motions are made pursuant to Federal Rule of Bankruptcy Procedure 7056. For the reasons that follow, both motions for summary judgment are denied and Fairway's motion for discovery relief is granted.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (N), and (O). Venue is proper under 28 U.S.C. §§ 1408 and 1409. The following shall constitute the Court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

**Statement of Facts and Procedural Background**

**Background Facts as Alleged in the Adversary Complaint**

On February 18, 2004, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Prior to the filing, Fairway obtained a judgment against the Debtor and its principals in the approximate amount of $3,000,000. *Complaint*, p. 2. Early in the case, the Debtor

negotiated a proposed sale of the Dodge dealership at issue and a lease of the dealership properties. *Id.* As a result of concerns expressed by creditors in connection with the sale, the Court directed the appointment of the Trustee.

On April 16, 2004, the Court entered an Order approving procedures for the sale of assets as well as assumption and assignment of leases (hereinafter "Bid Procedures Order"). Pursuant to the Bid Procedures Order, bids for purchase of the dealership assets were due on or before April 26, 2004. Eligibility to participate at the sale hearing required that a proposed bid: (i) be made by a "qualified bidder"; (ii) be non-contingent on anything other than franchise approval; and (iii) be substantially the same as the Form Asset Sale Agreement. *Id.* at 3.

The Bid Procedures Order provides in relevant part that:

> [i]f, for any reason, the Winning Bidder fails to consummate the purchase of the Assets, or any part thereof, the offeror of the second-highest bid will be deemed to have submitted the highest or best bid and to the extent such offeror and the Trustee consent, the Trustee and such offeror are authorized to effect the sale of the Assets, or any part thereof, to such offeror as soon as is commercially reasonable without further order of the Court.

*Bid Procedures Order*, ¶ 2(l).

Prior to April 26, 2004, the Trustee's counsel received communications involving the ability of Fairway and Ronald Sumner, Managing Partner of Fairway (collectively "Defendants"), to bid. *Complaint*, pp. 3-4. After resolving issues related to the Defendants' proposed bid, including its untimeliness, the Trustee agreed to support a request to the Court that the Defendants be allowed to participate in the bidding. *Id.* at 3-5. The sale hearing was conducted on May 5, 2004. Mr. Sumner was present in Court, together with the Defendants' counsel. The Court permitted the Defendants to bid. The Trustee alleges that at the start of the hearing, his counsel set forth on the

record the terms of the proposed sale and the bidding procedures. *Id.* at 5. The Trustee's counsel inquired whether any potential bidders had questions regarding sale procedures. *Id.* The proposed sale was comprised of the Debtor's dealership rights as well as an obligation to purchase the Debtor's vehicle and parts inventories. *Id.* at 6. The buyer was also entitled to lease the dealership properties on terms proscribed in the Form Asset Sale Agreement. *Id.*

The Defendants participated in the bidding process. *Id.* The highest bid came from Macjel, LLC in the amount of $825,000, plus the Debtor's automotive and parts inventories. After asking the Court to find that the Macjel, LLC bid was the highest and best offer, the Trustee inquired whether any other bidders would serve as "backup bidder." The second-highest bidder declined. Before this Court, the Defendants agreed to serve as the backup bidder in the amount of $745,000, plus vehicles and parts.

A proposed sale order was circulated to all counsel. *Id.* After incorporating comments, the Trustee submitted the proposed order to the Court. *Id.* at 6-7. By Order dated May 11, 2004, the Court approved sale of the assets to Macjel, LLC and approved the Defendants' backup bid (hereinafter "Sale Order").

The Sale Order provides that:

> [i]n the event that Macjel fails to consummate the proposed sale of the Debtor's assets as required under the Asset Sale Agreement, the Trustee may consummate the sale of the Debtor's assets to Fairway upon terms and conditions substantially identical to those approved herein without further Order of the Court.

*Sale Order*, ¶ 30.

The Trustee states that he and Macjel, LLC submitted a franchise application to DaimlerChrysler Corp. (hereinafter "DaimlerChrysler") to operate a motor vehicle dealership at the

4

Debtor's premises. *Complaint*, p. 7. On July 29, 2004, DaimlerChrysler rejected Macjel, LLC's application, stating that DaimlerChrysler "has a multiple store ownership policy that establishes limitations on the number of dealerships an individual can own in the same market." *Certification of Michael D. Malloy, Esq. in Support of the Trustee's Motion for Summary Judgment*, Exhibit C (hereinafter "*Malloy Cert.*"). Macjel, LLC's principals were ineligible because they already owned four dealerships in New Jersey's Bergen and Passaic counties. *Id.* The Trustee determined that the franchise agreement entitled DaimlerChrysler to reject a proposed transferee under its multiple store ownership policy. *Complaint*, p. 7.

In a letter dated August 3, 2004, the Trustee notified the Defendants that the Macjel, LLC bid was terminated and requested that they prepare to perform as backup bidder. *Malloy Cert.*, Exhibit D. In response, the Defendants confirmed that they understood their obligation and that discussions had already begun with DaimlerChrysler. *Complaint*, p. 7. In correspondence dated August 4, 2004, the Trustee advised the Defendants' counsel of his determination that Macjel, LLC had rightfully terminated its bid. *Malloy Cert.*, Exhibit E. The Trustee also demanded that the Defendants immediately deliver a deposit in the amount of $100,000, execute an Asset Purchase Agreement, and submit a franchise application to DaimlerChrysler. *Id.*

On August 5, 2004, the Trustee transmitted to the Defendants' counsel four copies of an asset sale agreement and requested execution of those agreements in duplicate. *Complaint*, p. 8. In these foregoing communications, the Trustee was assured of the Defendants' intent to honor their obligation as backup bidder. *Id.*

On September 2, 2004 and for the first time, the Defendants advised that they would not perform. *Id.* at 9. The Trustee's counsel requested a meeting, which was held the same day,

wherein counsel questioned why the Defendants refused to honor their backup bid. *Id.* In support, the Defendants indicated that they were a "pawn in a larger scheme." *Id.* The Trustee's counsel notified the Defendants that a failure to honor their bid would result in litigation. *Id.* The Defendants persistently refused to close. *Id.*

The Trustee again marketed the dealership assets for sale. *Id.* Due to hardship caused by the delay, the Trustee entered into an agreement with DaimlerChrysler which permitted it to repossess and sell the automotive inventory to reduce its secured claim. *Id.* On November 19, 2004, the Trustee filed an application for sale of the dealership assets to Anthony Rottino. The Court conducted a second sale hearing on December 1, 2004, attended by the Defendants' counsel. The Trustee's counsel represented on the record that the Defendants had refused his demand to perform. The Trustee's counsel also advised the Court that the Trustee intended to prosecute the instant cause of action once the dealership assets were sold. On February 15, 2005, this Court entered an Amended Order approving the sale to Anthony Rottino.

Mr. Rottino's franchise application was submitted to DaimlerChrysler for approval and was subsequently rejected. *Id.* at 11. The Trustee attempted to market the dealership assets a fourth time and later determined that the dealership assets were unalienable. *Id.* Subsequently, this Court granted DaimlerChrysler's motion to terminate the franchise.

On July 5, 2005, this Court entered an Order converting the original Chapter 11 petition to a proceeding under Chapter 7. On February 2, 2006, the Trustee filed a two-count adversary complaint against the Defendants alleging willful and unjustified breach of their contractual and Court-ordered obligation to purchase the assets of the bankruptcy estate, as well as demanding compensatory damages, punitive damages, sanctions and attorneys' fees. Ronald Sumner was

6

dismissed as a party to this adversary proceeding pursuant to a stipulation of dismissal entered on May 31, 2006.

**Fairway's Statement of Material Facts Regarding its Summary Judgment Motion**

The Bid Procedures Order provides that within seven business days after entry of the Sale Order the winning bidder "shall submit to [DaimlerChrysler] all documents necessary or reasonably requested for a determination of franchise and lease assumption and assignment approvals." *Bid Procedures Order*, ¶ 2(a)(vii) . DaimlerChrysler's approval was subject to "[t]he submission of a fully completed application by the Bidder for a Dealer Agreement, in form and substance satisfactory to [DaimlerChrysler], together with all required exhibits and schedules, within seven days after entry of the Sale Order." *Id.* at, ¶ 2(b)(i). The Bid Procedures Order did not permit modification or extension of the seven-day period. *Fairway's Statement of Material Facts*, p. 2.

The Bid Procedures Order also provides that "failure of the Winning Bidder to timely submit" a complete application to DaimlerChrysler "shall constitute a breach of the Form Agreement. . . ." *Bid Procedures Order*, ¶ 2(a)(vii); *see Id.* at ¶ 2(b)(i). The Sale Order was entered on May 11, 2004. The seven-day period for the submission of documents to DaimlerChrysler by Macjel, LLC expired, at the latest, on May 20, 2004. *Fairway's Statement of Material Facts*, p. 2. At no time did DaimlerChrysler declare Macjel, LLC to be in breach of its obligation to supply the required documents in a timely manner. *Id.* at 3.

DaimlerChrysler was then to have a period of sixty days following receipt of the required documents "within which to file with the Clerk of the Bankruptcy Court and serve upon counsel for the Debtor and the Winning Bidder any objections to the assumption by the Debtor and assignment

to the Winning Bidder of said franchise and lease agreements." *Bid Procedures Order*, ¶ 2(a)(vii). The Bid Procedures Order contained no provision permitting modification or extension of the sixty-day period. *Fairway's Statement of Material Facts*, p. 3. Counting sixty days, the deadline for timely objections was July 19, 2004. *Id.* The Bid Procedures Order provided that "[i]n the event no timely objections are filed, [DaimlerChrysler] shall be deemed to consent to such assumption and assignment." *Bid Procedures Order*, ¶ 2(a)(vii). DaimlerChrysler did not file or serve any objection on or before July 19, 2004. *Fairway's Statement of Material Facts*, p. 3.

As of July 20, 2004, DaimlerChrysler was allegedly deemed to consent to assumption and assignment. *Id.* However, by letter dated July 29, 2004, DaimlerChrysler advised the Trustee that it did "not approve the proposed transfer of the assets of Chet Decker Dodge to Macjel, LLC." *Malloy Cert.*, Exhibit C. DaimlerChrysler did not at any time file with this Court an objection to the assumption and assignment by Macjel, LLC. DaimlerChrysler grounded its objection in its multiple store ownership policy. *Id.*

In correspondence dated August 3, 2004, the Trustee's counsel advised Fairway's counsel of DaimlerChrysler's rejection, adding that "[t]he Trustee is still evaluating whether this rejection was appropriate or effective." *Id.* Exhibit D. By letter dated August 4, 2004, the Trustee's counsel advised Fairway's counsel that the "[t]he Trustee has concluded that Macjel, LLC has the right to terminate its bid in light of DaimlerChrysler's failure to approve the transfer. . . ." *Id.*, Exhibit E. In the same letter, the Trustee's counsel demanded that Fairway, as the backup bidder, remit the required $100,000 deposit, execute an asset purchase agreement, and submit a franchise application. *Id.* Fairway ultimately decided not to proceed with the purchase and communicated its decision to the Trustee on or about September 2, 2004. *Id.*

**Trustee's Statement of Material Facts Regarding his Motion for Partial Summary Judgment**

The Trustee admits that no provision of the Bid Procedures Order permitted extension of the seven-day time period for document submission. *Trustee's Statement of Material Facts*, p. 2. DaimlerChrysler was, however, permitted to extend any applicable time period by consent. *Id.* The Trustee admits that DaimlerChrysler had sixty days to object to the assumption and assignment of the franchise. *Id.* However, the Trustee asserts that this time period was triggered by the receipt of a completed franchise application and asset purchase agreement. *Id.*

The Trustee disputes that the deadline for DaimlerChrysler's approval was July 19, 2004. *Id.* In addition, he denies that DaimlerChrysler failed to timely or appropriately object to Macjel, LLC's application. *Id.* Moreover, the Trustee denies that DaimlerChrysler was deemed to automatically accept the application at the expiration of the sixty-day period. *Id.* Lastly, he alleges that he did address the appropriateness of DaimlerChrysler's rejection. *Id.*

**Facts Related to Fairway's Motion for Discovery Relief**

On June 8, 2006, Fairway received the Trustee's discovery package, including a first request for production of documents, a first set of interrogatories and a first request for admissions. *Malloy Cert.*, p. 3. Discovery responses were due by July 10, 2006. *Id.* On July 12, 2006, Fairway's counsel contacted the Trustee's counsel and assured that it was in the process of completing the discovery responses. *Id.* at 4. The Defendants' counsel also inquired whether July 19, 2006 would be an acceptable response date. *Id.* Ultimately, the Trustee's counsel advised that while the proposed date was acceptable for providing answers to interrogatories and supplying documents,

the Trustee was unwilling to accept the responses to the request for admissions as timely. *Id.* The Defendants' counsel petitioned the Trustee to re-examine his position, to no avail. *Id.* at 4-5. The Defendants' counsel did not hear from the Trustee after having supplied discovery responses on July 19, 2006. *Id.* at 6. Accordingly, the Defendants' counsel filed this motion requesting that this Court deem its responses to the Trustee's first request for admissions timely. *Id.*

**Legal Arguments**

Fairway's motion for summary judgment seeks a determination that it was never bound to execute a transfer of dealership assets as backup bidder. Fairway argues that: (i) application of the Bid Procedures Order requires a determination that DaimlerChrysler consented to Macjel, LLC's franchise application due to its failure to properly object; (ii) DaimlerChrysler's attempted objection to Macjel, LLC's franchise application was invalid and ineffective pursuant to the New Jersey Franchise Practices Act; and (iii) pursuant to the Bid Procedures Order, Fairway was required to consent to the transfer of the dealership assets after DaimlerChrysler rejected Macjel, LLC's application.

In addition, Fairway moves before the Court under Federal Rule of Civil Procedure 36, made applicable in adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7036, for a determination that its responses to the Trustee's first request for admissions are timely due to the lack of prejudice to the Trustee in receiving the responses in thirty-nine days. The Trustee does not oppose the discovery motion.

The Trustee's cross-motion for partial summary judgment asks this Court to hold Fairway liable for its failure to execute a franchise application and transfer agreement pursuant to the Sale

Order.  The Trustee argues that: (i) the sale conducted on May 5, 2004 required Fairway to execute a franchise application and transfer agreement; (ii) the judicial sale is final and should not be revisited; (iii) no reason exists to set aside the sale; and (iv) Fairway misinterprets the interplay between the Bid Procedures Order and Sale Order.

**Discussion**

A court may grant summary judgment under Federal Rule of Civil Procedure 56(c), made applicable in adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7056, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  At the summary judgment stage, the role of the Court "is not to weigh evidence, but to determine whether there is a genuine issue for trial." *Knauss v. Dwek*, 289 F. Supp. 2d 546, 549 (D.N.J. 2003) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986)).  The Court must construe facts and inferences in the light most favorable to the non-moving party. *Am. Marine Rail NJ, LLC v. City of Bayonne*, 289 F. Supp. 2d 569, 578 (D.N.J. 2003) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).  "Only evidence admissible at trial may be used to test a summary judgment motion.  Thus evidence whose foundation is deficient must be excluded from consideration." *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 471 (3d Cir. 1989) (citations omitted).

The moving party must make an initial showing that there is no genuine issue of material fact. *Knauss*, 289 F. Supp. 2d at 549 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  The burden then shifts to the non-moving party to "make a showing sufficient to establish the

existence of [every] element essential to the party's case, and on which that party will bear the burden of proof at trial." *Cardenas v. Massey*, 269 F.3d 251, 254-55 (3d Cir. 2001) (questioned on other grounds) (quoting *Celotex Corp.*, 477 U.S. at 322). The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247-48 (emphasis in original). An issue of fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* at 248. A fact is "material" if it might affect the outcome of the suit under governing law. *Id.* Disputes over irrelevant or unnecessary facts are insufficient to defeat a motion for summary judgment. *Id.* (citation omitted).

However, even if material facts remain disputed, summary judgment may be proper if, after all inferences are drawn in the non-moving party's favor, the moving party is entitled to judgment as a matter of law because no reasonable juror could find in favor of the non-moving party. *Id.* Such a judgment is appropriate "as a matter of law" when the non-moving party has failed to make an adequate showing on an essential element of his or her case, as to which he or she has the burden of proof. *Celotex Corp.*, 477 U.S. at 322-23. On the other hand, a court must deny a motion for summary judgment when a genuine issue of material fact remains to be tried, or where the moving party is not entitled to a judgment as a matter of law.

Here, from the extensive recitation of facts provided, one point becomes indubitably clear; only the most basic material facts are uncontested. There seems to be little, if any, agreement on the required conduct and actions of DaimlerChrysler, Macjel, LLC, the Trustee, and/or Fairway. The statements of material facts required of both parties under the local rules raise genuine issues of material fact in the following areas:

  (i)  the events culminating in the approval of Macjel, LLC as winning bidder and transferee;

  (ii)  the demands made by the Trustee on Fairway to perform under its alleged obligations as backup bidder and to execute a completed application for franchise approval;

  (iii)  the timing requirements for completion, submission, and approval of the franchise application by Macjel, LLC;

  (iv)  the effect, if any, of failure to meet those timing requirements;

  (v)  the ability of DaimlerChrysler or the Trustee to extend deadlines prescribed by the Bid Procedures Order;

  (vi)  whether the Sale Order served to modify or amend the Bid Procedures Order and therefore excluded the consent requirement at issue in the Bid Procedures Order;

  (vii)  the validity of DaimlerChrysler's basis for refusing to approve the transfer to Macjel, LLC;

  (viii)  acknowledgment by Fairway of its supposed obligation to consummate the backup bid;

  (ix)  the circumstances surrounding the closing of the dealership at issue;

  (x)  the events surrounding the termination of the franchise; and

  (xi)  the reasons why the value of the dealership assets had substantially diminished.

These factual disputes necessitate the denial of both motions for summary judgment.

  Lastly, this Court encounters the issue of whether to deem Fairway's responses to the Trustee's first request for admissions timely. Federal Rule of Civil Procedure 36 provides thirty days to respond to requests for admission and is made applicable to adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7036. A failure to respond within this period is deemed

an admission. *See* FED. R. CIV. P. 36(a); *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976) (noting a deemed admission for failure of a party to timely deny a request for admission) (citations omitted). However, a court has discretionary power to extend this temporal limitation. *See* FED. R. CIV. P. 36(a); *Gutting v. Falstaff Brewing Corp.*, 710 F.2d 1309, 1312-13 (8th Cir. 1983) (citing *Moosman v. Joseph P. Blitz, Inc.*, 358 F.2d 686, 688 (2d Cir. 1966) (other citation omitted)). Ultimately, here the Trustee does not oppose Fairway's motion to deem its responses timely. In addition, the responses were provided in thirty-nine days and no prejudice to the Trustee is evident. This Court will deem Fairway's responses timely.

## Conclusion

For the reasons set forth above: (i) Fairway's motion for summary judgment is denied in its entirety; (ii) the Trustee's cross-motion for partial summary judgment is denied in its entirety; and (iii) Fairway's motion for discovery relief to deem its responses to the Trustee's first request for admissions timely is granted. The parties are directed to appear at a status conference before the Court on **April 26, 2007, at 10:00 a.m**., to discuss any further discovery requirements and scheduling of trial.

An Order in conformance with this Opinion has been entered by the Court and a copy is attached hereto.

/s / *Donald H. Steckroth*
_____
DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Dated: March 20, 2007